UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:23 CR 225 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| ERIC SLOBAN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Eric Sloban's Motion to Modify Detention Order (ECF #26), and Motion for Home Inspection (ECF #29). The Government filed a Response in Opposition. (ECF #27).

A Criminal Complaint was filed against Mr. Sloban on March 28, 2023, charging him with Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §841(a)(1). (ECF #1). He appeared before Magistrate Judge Thomas M. Parker on March 30, 2023 for an initial appearance. Mr. Sloban waived his right to a detention hearing, reserving the right to revisit the issue of detention at a later date, and was remanded to the custody of the U.S. Marshals pending trial. (ECF #4). On July 5, 2023, he pled guilty to one Count of Possession with Intent to Distribute in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C).

Mr. Sloban now seeks to modify his detention order to allow him to be released on a combination of conditions including GPS monitoring or home confinement. He argues that

conditions have changed since he waived his detention hearing. He cites a recent offer by the mother of his son to allow him to reside in their home; a return to sobriety wherein he claims to have control of his drug addiction; and, his desire and commitment to impart some positive influence on his son before he is incarcerated.

A district court, at its discretion, may reopen a detention hearing based on changed circumstances. 18 U.S.C. §3142(f)(2)(B); *United States v. Watson*, 475 Fed. App'x 598, 601 (6th Cir. 2012). The statute permitting reopening is to be "interpreted strictly." *United States v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009). The changed circumstances must have been unknown and unavailable to the Defendant at the time of the original hearing, and must have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *Watson*, 475 Fed. App'x at 600; see also, Jerdine 2009 WL 4906564, at *3. The asserted circumstances must be "something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *Jerdine*, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009).

If the detention hearing were re-opened, the Court would re-evaluate the appropriateness of pre-trial detention under the specific circumstances of this case. The Bail Reform Act requires detention upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person. . . and the safety of any other person and the community." 18 U.S.C. §3142(e)(1). In order to justify detention, an inability to reasonably assure the safety of any person and the community must be shown by clear and convincing evidence. *See United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). A risk of flight can be established by a

preponderance of the evidence. *Id.*

Even if Mr. Sloban could convince the Court that the availability of a potentially suitable residence and a period of sobriety were sufficient to establish changed circumstances, and that they have a material bearing on the appropriateness of detention, he cannot establish that release is warranted under the appropriate standards. Because he has already pled guilty to the charge at issue and is now merely awaiting sentencing, he would have to satisfy the strict release standard set forth in 18 U.S.C. §3143(a)(2) in order to be released from detention. Once a defendant who has been charged with this type of crime pleads guilty, the court is required to order that person detained unless: "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted;" or, "an attorney for the Government has recommended that no sentence of imprisonment be imposed;" and, "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 §3143(a)(2)(A)(i)-(ii).

In this case there is no motion for acquittal or new trial, and no basis upon which to find that any such motion would be likely to be granted. Further, the Government is seeking a term of imprisonment in this case. Because he has not met the requirements of 18 §3143(a)(2)(A)(i)-(ii), Mr. Sloban is not a candidate for pre-sentence release. Finally, even if he were eligible to be considered for release, Mr. Sloban has not demonstrated by clear and convincing evidence that he is not likely to flee or pose a danger to the community. Mr. Sloban has an extensive criminal history including convictions for possession and aggravated possession of drugs, menacing, assault, burglary, theft, telephone harassment, criminal trespass, resisting arrest, disorderly conduct, driving under the influence, and driving under suspension. He also has a history of

probation violations which suggests that he is not amenable to following any requirements that would be imposed as a condition of release. In addition, although he claims to be sober, that period of sobriety coincides with his incarceration. Although he is to be commended for working toward and maintaining his sobriety, Mr. Sloban's history of drug abuse is long and his period of sobriety is relatively short. He has provided no evidence to suggest that he would be likely to maintain his sobriety if released prior to sentencing.

For the reasons set forth above, the Court finds that there is no condition of combination of conditions that could adequately protect individuals and the community from danger if Mr. Sloban were to be released pending sentencing. Mr. Sloban's Motion to Modify Detention, and Motion for Home Inspection is, therefore, DENIED. (ECF #26, 29).    IT IS SO ORDERED.

                                                                                       */s/ Donald C. Nugent*
                                                                                       DONALD C. NUGENT
                                                                                       United States District Judge

DATED July 18, 2023